**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SALZGITTER MANNESMANN | § | |
| INTERNATIONAL \GmbH | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. _____ |
| | § | Admiralty Rule 9(h) |
| M/V BEAUFORCE, her engines, | § | |
| tackle, boilers, etc. *in rem,* | § | |
| | § | |
| v. | § | |
| | § | |
| ONEGO SHIPPING & CHARTERING BV; | § | |
| COMMODITY GENERAL TRADING | § | |
| INTERNATIONAL SA. AND | § | |
| BEAUFORCE C.V. | § | |
| Defendants. | § | |

**COMPLAINT**

Salzgitter Mannesmann International GmbH ("Salzgitter" or "Plaintiff"), by and through

the undersigned counsel, alleges the following against the M.V Beauforce, *in rem*, Onego Shipping

& Chartering BV, ("Onego"), Beauforce, C.V. ("BCV") and Commodity General Trading

International, SA ("Cogentra"), hereafter collectively referred to as "Defendants," and states as

follows, on information and belief:

**I.
PARTIES**

1.     Plaintiff, Salzgitter Mannesmann International GmbH, ("Salzgitter") is a German

corporation or other business entity, with its principal place of business in Dusseldorf, Germany.

Salzgitter is an international purchaser, seller and distributor of steel tubular goods. During the

period from December, 2015 to March, 2016, Plaintiff purchased 1,451.4 MT of "good order and

condition" ERW Seamless Steel Pipe in conformity with certain contractual conditions (hereafter

also called the "Pipe consignment" or simply the "Pipe") from Commodity General Trading International, SA ("Cogentra") for delivery from Lithuania to Houston, Harris County, Texas. The imported Pipe consignment, coming from Lithuania was to be shipped by an ocean carriage arranged through Onego Shipping & Chartering BV, Cogentra's agent and charterer for the Lithuania to Texas transportation arrangements. The transportation arrangements, from Lithuania to Texas, were Cogentra's CIF contractual responsibility, and the ocean transportation of the "good order and condition" Pipe consignment was an essential part of the contract.

2.      Defendant, Commodity General Trading International, SA ("Cogentra") is a corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a commodity trader and, in this case, a seller of steel pipe products. Cogentra is engaged in international business transactions: buying commodities such as steel products, and arranging for international delivery and financing of commodity consignments for international sales transactions, and selling commodities, such as steel products, into the world's markets, including that of the United States, and Texas. At the time of the incidents in question, Cogentra entered a sales contract (in whole or in part executable in Texas) with Plaintiff Salzgitter, which contemplated delivery of a contract-conforming Pipe consignment to Texas from Lithuania.  Cogentra does not maintain a designated agent in Texas upon whom service may be accomplished, and thus may be served through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home offices at: Via Dogana Vecchia, 2, CHG-6900, Legano, Switzerland.

3.      Defendant, Onego Shipping & Chartering BV, ("Onego") is a corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier or ocean carrier of goods in international transit: arranging for ships to carry

goods from foreign ports to various international destinations, including the United States and Texas. Onego Shipping & Chartering BV, does maintain an office in Houston, at 11451 Katy Freeway, Suite 250, Houston, TX 77079, but does not maintain a designated agent in Texas upon whom service may be accomplished, and thus may be served through its Texas agent, or through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home offices at: Onego Shipping & Chartering BV, Spui 24, 3161 ED Rhoon, the Netherlands.

4.       Defendant, Beauforce CV, ("BCV") is a corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier or ocean carrier of goods in international transit: arranging for ships to carry goods from foreign ports to various international destinations, including the United States and Texas. Beauforce CV does not maintain a designated agent in Texas upon whom service may be accomplished, and thus may be served through its Texas agent, or through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home offices at: c/o Focus Shipmanagement, BV. Alexanderstraat 2-1, 8606 VP, Sneek, Netherlands.

5.       M/V BEAUFORCE was at all material times a general cargo ship sailing under the Netherlands flag. The vessel was built in 2011, its call sign is PCHK, and its gross tonnage is 8268 Metric Tons. The M/V Beauforce, was and now is engaged in business as a carrier of merchandise by water for hire, and defendant Onego owned, operated, managed, chartered and/or controlled the M/V Beauforce, which now is, or will be, within the jurisdiction of this Court, or another U.S. court of competent jurisdiction, during the pendency of this action. Plaintiff requests that the court

permit later service of the *in rem* aspect of this case, awaiting this foreign vessel's return to the United States for service of *in rem* process.

## II.
## JURISDICTION

5.     This Court has subject matter jurisdiction in Admiralty, under 28 USC Sec, 1333 and Rule 9(h) of the FRCP, in that the parties herein conspired to issue an ocean bill of lading which misrepresented the condition of the cargo. Cogentra contracted with Salzgitter to deliver the cargo in question pursuant to an ocean bill of lading for a cargo destined for delivery in Houston, Texas. Cogentra then presented this incorrect bill of lading as a document of title in an international transaction involving international maritime commerce. Together the defendants then arranged to have this pipe cargo in question delivered to Houston aboard the M/V Beauforce.

## III.
## VENUE

6.     Venue is proper in the Southern District of Texas, Houston Division because the sales transaction in question: 1) involved a contract calling for performance, at whole or in part, in Texas, 2) requiring delivery of goods to Texas, 3) the loss at issue was discovered in Harris County, Texas upon the delivery of the cargo in question to Houston by a marine vessel, the M/V Beauforce, at the Port of Houston and 4) defendant Onego has an office and place of business in Houston, Texas.

## IV.
## FACTS FOR ALL COUNTS AND CAUSES OF ACTION

7.     On or about January 25, 2016 Salzgitter purchased 1,451.4 MT of "good order and condition" ERW Seamless Steel Pipe, hereafter also called the "Pipe consignment" or simply the "Pipe" or "cargo") from Cogentra which were to be delivered in "good order and condition" and

in conformity with certain contractual conditions. The contract for purchase of those pipes required them to be delivered from Klaipeda, Lithuania to Houston, Texas aboard a marine vessel chartered by Cogentra. The delivery from Lithuania to Houston, Harris County, Texas was to occur under the 2000 CIF Incoterms. The imported Pipe consignment from Lithuania was to be shipped by an ocean carriage arranged by Cogentra, which was later determined to have been arranged by Cogentra through Onego Shipping & Chartering BV, Cogentra's carrier of choice for the Lithuania to Texas transportation arrangements. The transportation arrangements, from Lithuania to Texas, were Cogentra's contractual responsibility, and the "good order and condition" of the Pipe at the outset of the ocean transportation (identified by clean bills of lading) was an essential part of the contract between Salzgitter and Cogentra.

8.     On or about January 26, 2016, and at the port of Klaipeda, Lithuania, 865.267MT of the pipes were delivered to Cogentra's (and/or Onego Shipping & Chartering BV's) designated ocean going vessel, the M/V Beauforce in a wet, dirty, rusted, damaged and otherwise contaminated condition, in contravention of, and in breach of, Cogentra's contract with Salzgitter.

9.     Additionally, Cogentra and Onego Shipping & Chartering BV, conspired to deliberately mislead Salzgitter by instigating the creation of documents, surveys, and bills of lading intentionally stating that the Pipe consignment was in conformity with the quality and condition requirements of the Cogentra/Salzgitter sales contract when it was not. The exhibit A letter of indemnity was offered by Cogentra to Onego to obtain the inaccurate clean bill of lading which did not reflect the actual condition of the cargo. Cogentra then presented the inaccurate clean "good order" bill of lading document, which Cogentra knew to be a misrepresentation of the facts, to Plaintiff's international banking institution (via an "arm's length" letter of credit) in order to obtain

payment for the non-confirming goods, when that payment would not have been made without the misrepresentations of one or more of the defendants.

10.     Salzgitter was therefore the victim of this misrepresentation which was a "fraud" perpetrated upon them by defendant Cogentra.  Cogentra's presentation of the false bill of lading to obtain payment from an "on sight" "letter of credit" (in accordance with the terms of that letter of credit) allowed Cogentra to receive automatic "draw-down" payment.  The clean bill of lading was one of the requisite contractual documents for presentation to the bank under the letter of credit terms, but the clean Bill of lading was not in conformity with the actual condition of the consignment of damaged Pipe.  The damaged Pipe consignment, delivered to the vessel against clean ocean bills of lading, would not have been eligible for "letter of credit" automatic "draw-down" payment without Cogentra's misrepresentation of the condition of the cargo.  This misrepresentation enabled Cogentra to obtain payment from Salzgitter's bank without dealing with the unreported pre-shipment damaged condition, concealed by Cogentra from Salzgitter.

## V.

10.     Thereafter, the said vessel arrived at the Port of Houston, where the Pipe consignment was delivered chemically contaminated, physically damaged and/or rust damaged. A claim was presented by its intended consignee requiring the pipe to be repaired in the Houston market, at a monetary loss to Salzgitter.

## VI.

11.     By their breach of contract and/or intentional misrepresentations, perpetrated by Cogentra and Onego, an unauthorized payment for the Pipe consignment was improvidently extracted by defendant, Cogentra: 1) from a "letter of credit" drawn on a Swiss-based banking institution, founded on Cogentra's knowingly incorrect, ill-conceived, and/or dishonest documents, 2) based on letter of credit requirements established by Salzgitter and Cogentra with an international banking institution.

12.     The payment from the letter of credit was to have been accomplished based on honest and forthright documents to satisfy the requirements of an arm's-length transaction. The Pipe were not in conformance with the contract provisions and/or letter of credit provisions, and would not otherwise have been eligible for payment had Cogentra not conspired with Onego to obtain the payment improvidently, by having Onego Shipping & Chartering BV issue clean bills of lading against the attached Exhibit A letter of indemnity, enabling Cogentra to present those incorrect bills of lading to Salzgitter's banking institution, demanding "sight letter of credit" payment of the commercial invoice amount due to Cogentra by Salzgitter.

## VII.

13.     By reason of the premises, the above-named defendants, jointly and severally, breached, failed and violated their duties and obligations as contracting parties and/or international carriers of goods, and/or were otherwise at fault.

## VIII.

14.     Plaintiff was the consignee or owner of the Pipe consignment previously specified, and brings this action on its own behalf and, as agent and trustee, on behalf of, and for, the interest of all parties who may be, or become, interested in the said Pipe consignment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## IX.

15.     Plaintiff has duly performed all duties and obligations on its part to be performed.

## X.

16.     By reason of the above-stated premises, plaintiff has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of $122,402.70, as nearly as same can now be estimated, plus punitive damages to be assessed by the court in conformance with Texas law, based on the defendants Cogentra's and Onego's deliberate presentation of fraudulent documents to obtain payment for non-confirming products.

## XI.

17.     Plaintiff further alleges, in the alternative and without waiving the above cause of action, that Cogentra entered into a contract with the plaintiff, described in paragraphs above. The contract between the plaintiff's interests and defendant Cogentra was made express by an oral or written contract, incorporating U.S.-based banking "sight letter of credit" provisions to fulfill the purchase/sale payment requirements.  The defendants delivered contractually non–conforming Pipe to the carrying vessel in a damaged condition, against incorrrect documents identifying them as undamaged, which was in breach of the contract between Cogentra and Salzgitter.  The defendants, therefore, breached their duties and obligations in contract, and damages in the amount of $122,402.70, (as nearly as same can now be estimated, subject to completion of repairs which are underway at the time of this filing), which sum is demanded from Cogentra as a result of their breach, and from Cogentra and Onego, as a result of their improvident Exhibit A agreement to conceal the real condition of the goods (upon vessel loading) from consignee Salzgitter.

## XII.

18.     As a result of the above breaches, deliberate malfeasance, misrepresentations to an international banking institution, and negligence, defendant Cogentra proximately caused plaintiff to purchase a non-conforming Pipe consignment which, otherwise, would not have been eligible for bank letter of credit financing and payment. The payment was made by Salzgitter's Swiss bank to Cogentra in spite of the fact that the concealed non-conforming products (unsellable at their originally intended purchase price) were delivered using fraudulent bills of lading showing a clean "good order and condition" of the Pipe which did not exist at the time the Pipe was presented to the vessel for loading. At discharge these pre-load damages were identified and Plaintiff was forced to repair those products at a loss, thus causing plaintiff to suffer damages in the amount of ONE HUNDRED TWENTY-TWO THOUSAND FOUR HUNDRED TWO AND 70/100 DOLLARS ($122,402.70) as nearly as same can now be estimated, subject to completion of repairs which are underway at the time of this filing.

## XIII.
## ALTERNATIVE "IN REM" and OCEAN CARGO CAUSE OF ACTION

19.     In the Alternative, and without waiving the previous causes of action, Plaintiff would state as follows: On or about January 25, 2016, at the port of Klaipeda, Lithuania, the M/V BEAUFORCE ("vessel") and defendants Onego and BCV received, in a stated "good order and condition", an 865.267 MT shipment of new hot-formed seamless steel pipes, which the vessel and defendants Onego, BCV and the M/V Beauforce, *in rem* accepted and agreed to transport for certain consideration to the Port of Houston, Texas.

20.     Thereafter, the vessel arrived at the Port of Houston, where the cargo was found contaminated by seawater or other aggressive chemical substance, rusted and /or physically damaged, causing monetary damages to Plaintiff as enumerated herein. On information and belief, the vessel and defendants Onego, BCV, and the M/V Beauforce, *in rem*, breached, failed and violated their duties and obligations as common carriers, to deliver the cargo in the same "good order and condition" as represented on the bills of lading, and were otherwise at fault.

21.     Plaintiff further alleges, in the alternative and without waiving the above cause of action, that defendants Onego, BCV and the M/V Beauforce, *in rem*, were bailees of plaintiff's cargo described in Schedule A. Defendants Onego, BCV and the M/V Beauforce, *in rem* delivered the Pipe cargo in Houston, Texas, in a damaged condition (or increased damage) which did not exist at the time of plaintiff's/bailor's delivery to the bailee in Klaipeda, Lithuania. Defendants Onego, BCV and the M/V Beauforce, *in rem* therefore breached their duties and obligations as bailees and were negligent.

22.     Plaintiff was the consignee and/or owner of the shipment and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## XIV.

## CONDITIONS PRECEDENT

23.     All conditions precedent necessary to maintain this lawsuit have been performed or have occurred.

## XV.
## AD DAMNUM CLAUSE FOR ALL COUNTS

24.     By reason of the above-stated premises, plaintiff has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of ONE HUNDRED TWENTY-TWO THOUSAND FOUR HUNDRED TWO AND 70/100 DOLLARS ($122,402.70) as nearly as same can now be estimated, subject to completion of repairs which are underway at the time of this filing, for which Plaintiff demands recovery from all defendants, jointly and severally.

25.     All and singular the premises are true and within the admiralty, maritime, and pendent jurisdiction of the United States and of this Honorable Court.

Wherefore, Plaintiff prays:

1. That summons in due form of law may issue against defendants;

2. That a judgment may be entered in favor of plaintiff against defendants, one or more of them, for the amount of plaintiff's damages together with interest and the costs and disbursements of this action;

3.  That punitive damages be assessed by the court against one or more of the defendants, jointly and severally, in conformance with Texas law, based on the defendants' joint and several liability for deliberate presentation of fraudulent documents to obtain payment for non-confirming products, which would not otherwise have been eligible for payment under an international banking letter of credit; and

4.  That process in due form of law according to the practice of this court in causes of admiralty or maritime jurisdiction may issue against said the vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath all and singular the matters stated, and this court will be pleased to pronounce a judgment in favor of plaintiff for damages together with interest, costs and disbursements, and the motor vessel may be condemned and sold to pay therefor; and

5.  That this court will grant to plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

DANA K. MARTIN
SDTX I.D. No.:  126
Texas Bar No.: 13057830
HILL RIVKINS LLP
55 Waugh Dr., Suite 1200
Houston, Texas 77007
Telephone:    (713) 222-1515
Direct Line:   (713) 457-2287
Facsimile:     (713) 222-1359
E-mail: dmartin@hillrivkins.com

**ATTORNEYS FOR PLAINTIFF
SALZGITTER MANNESMANN
INTERNATIONAL GmbH**

## **VERIFICATION**

THE STATE OF TEXAS     *

                              *

COUNTY OF HARRIS     *

      Dana K. Martin, being duly sworn, deposes and says:

      I am an attorney and member of the firm of Hill Rivkins LLP, attorneys for Plaintiff. I am over twenty-one (21) years of age and fully competent to make this Verification. I have read the foregoing Complaint and know its contents. The Complaint is true to my knowledge, except as to the matters stated in the Complaint to be based on information and belief, and as to those matters, I believe them to be true.

      The source of my information and the grounds for my belief as to those matters stated in the Complaint, to be alleged on information and belief, are documents and records in my files.

                                                Dana K. Martin

      Subscribed and sworn to before me, the undersigned authority, this 25th day of April, 2016.

CYNTHIA MARIE GONZALES
My Commission Expires
September 13, 2019
NOTARY PUBLIC
STATE OF TEXAS

                                     Notary Public, State of Texas
                                     My Commission Expires: 9/13/19

Exhibit "A"

# COMMODITY GENERAL TRADING INTL SA

### LETTER OF INDEMNITY

| | |
|---|---|
| TO | : ONEGO SHIPPING & CHARTERING BV as Time charterer owners MV " BEAUFORCE" |
| SHIP | : MV BEAUFORCE |
| CARGO | : 863.123 MT NET / 865.267 MT GROSS OF NEW HOT-FORMED SEAMLESS PIPES FOR OIL AND GAS PIPELINE |
| LOADPORT | : PORT OF KLAIPEDA, LITHUANIA |
| DISCHARGEPORT: HOUSTON, TX USA | |
| C/P DATED | : 13.01.2016 |

DATE   OF     26.01.2016

THE ABOVE CARGO WAS SHIPPED ON THE ABOVE SHIP AND ITS PRE-LOADING CONDITION IS DESCRIBED AS PER ATTACHED SURVEY REPORT ISSUED BY DPS KLAIPEDOS NETAS AT THE PORT OF KLAIPEDA FROM 21TH -26TH JANUARY, 2016.

NOTWITHSTANDING THE PRE-LOADING CONDITION OF THE CARGO, WE HEREWITH REQUEST YOU TO ISSUE "CLEAN ON BOARD" BILLS OF LADING DESCRIBING THE CARGO AS IN APPARANT GOOD ORDER AND CONDITION. IN CONSIDERATION OF YOUR COMPLYING WITH THIS REQUEST WE HEREBY AGREE AS FOLLOWS :

1.   TO INDEMNIFY YOU, YOUR SERVANTS AND AGENTS AND TO HOLD ALL OF YOU HARMLESS IN RESPECT OF ANY LIABILITY, LOSS OR DAMAGE OF WHATSOEVER NATURE WHICH YOU MAY SUSTAIN BY REASON OF THE MASTER NOT CLAUSING THE ORIGINAL BILLS OF LADING WITH THE ABOVE MENTIONED PRE-LOADING CONDITION OF THE CARGO.

2.   TO PAY YOU ON DEMAND THE AMOUNT OF ANY LOSS OR DAMAGE WHICH YOU, THE MASTER AND/OR AGENTS OF THE VESSEL OR ANY OTHER OF YOUR SERVANTS OR AGENTS WHATSOEVER MAY INCUR AS A RESULT OF THE PRE-LOADING CONDITION OF THE CARGO AND ISSUE OF THE BILLS OF LADING AS AFORESAID.

3.   IN THE EVENT OF ANY PROCEEDINGS BEING COMMENCED AGAINST YOU OR ANY OF YOUR SERVANTS OR AGENTS IN CONNECTION WITH THE PRE-LOADING CONDITION OF THE CARGO AND ISSUEING CLEAN ON BOARD BILLS OF LADING AS AFORESIAD, TO PROVIDE YOU OR THEM FROM TIME TO TIME ON DEMAND WITH SUFFICIENT FUNDS TO DEFEND THE SAME.

4.   IF THE VESSEL OR ANY OTHER VESSEL OR PROPERTY BELONGING TO YOU SHOULD BE ARRESTED OR DETAINED OR IF THE ARREST OR DETENTION THEREOF SHOULD BE THREATENED, TO PROVIDE/PAY YOU ON DEMAND SUCH BAIL OR OTHER SECURITY AS MAY BE REQUIRED TO PREVENT SUCH ARREST OR DETENTION OR TO SECURE THE RELEASE OF SUCH VESSEL OR PROPERTY AND TO INDEMNIFY YOU IN RESPECT OF ANY LOSS, DAMAGE OR EXPENSES CAUSED BY SUCH ARREST OR DETENTION WHETHER OR NOT THE SAME MAY BE JUSTIFIED.

5.   THE LIABILITY OF EACH AND EVERY PERSON UNDER THIS INDEMNITY SHALL BE JOINT AND SEVERAL AND SHALL NOT BE CONDITIONAL UPON YOUR PROCEEDING FIRST AGAINST ANY PERSON, WHETHER OR NOT SUCH PERSON IS PARTY TO OR LIABLE UNDER THIS INDEMNITY.

6.   THIS INDEMNITY SHALL BE CONSTRUED IN ACCORDANCE WITH ENGLISH LAW AND EACH AND EVERY PERSON LIABLE UNDER THIS INDEMNITY SHALL AT YOUR REQUEST SUBMIT TO THE JURISDICTION OF THE HIGH COURT OF JUSTICE OF ENGLAND.

YOURS FAITHFULLY, COMMODITY GENERAL TRADING INTL SA
                   Via Dogana Vecchia 2
For and on behalf of    CH-6900 LUGANO

ONEGO LINER Terms and Conditions
(Enlarged print available from the Carrier or its agent)

| Shipper (full style and address) | ONEGO LINER BILL OF LADING | **ORIGINAL** |
|---|---|---|

COMMODITY GENERAL TRADING INTL SA,
LUGANO - SWITZERLAND

SCAC CODE: ONEG BEA KLA 011602

ONEGO
Shipping & Chartering BV

| Consignee (full style and address) | B/L No. 1 | Reference no. |
|---|---|---|

TO ORDER

Vessel
BEAUFORCE

| Notify party*(full style and address) | Port of loading ** |
|---|---|

INTERGLOBO CUSTOMES BROKER INC.,
5918 FM 2100, CROSBY TX 77532,
EMAIL BGOODRICH(AT)INTERGLOBO.COM,
TEL. (281) 462-4465

PORT OF KLAIPEDA, LITHUANIA

Port of discharge

HOUSTON, TX, USA

PARTICULARS DECLARED BY THE SHIPPER BUT NOT ACKNOWLEDGES BY THE CARRIER

| CONTAINER NO./SEAL NO./MARKS AND NUMBERS (if available) | Number and kind of packages; description of cargo NEW HOT-FORMED SEAMLESS PIPES FOR OIL AND GAS PIPELINE | | | | | | Gross weight,kg (if available) | Measurement,m3 (if available) |
|---|---|---|---|---|---|---|---|---|
| | Item | Dimension (inch) | Steel Grade | Gross weight metric tons | Net weight, metric tons | Number of bundles | 865267 | |
| | 5 | 2,375x0,190 W | TT347 | 282,846 | 282,109 | 82 | | |
| | 4 | 2,875x0,217 W | TT347 | 188,061 | 187,512 | 62 | | |
| | 8 | 3,063x0,425 W | TT309 | 76,876 | 76,714 | 18 | | |
| | 9 | 3,668x0,490 W | TT309 | 175,484 | 175,098 | 43 | | |
| | 10 | 4,500x0,625 W | TT309 | 23,304 | 23,250 | 6 | | |
| | 11 | 3,063x0,425 W | J55MOD | 48,995 | 48,887 | 12 | | |
| | 12 | 3,668x0,490 W | J55MOD | 69,701 | 69,553 | 17 | | |
| | | TOTAL: | | 865,267 | 863,123 | 240 | | |

CLEAN ON BOARD

SHIPPED on board in apparent good order and condition (unless otherwise stated herein) the total number of Containers/Packages or Units indicated in the Box opposite entitled "Total number of Containers/Packages or Units received by the Carrier" and the cargo as specified above, weight, measure, marks, numbers, quality, contents and value unknown, for carriage to the Port of discharge or so near thereunto as the vessel may safely get and lie always afloat, to be delivered in the like good order and condition at the Port of discharge unto the lawful holder of the Bill of Lading, on payment of freight as indicated to the right plus other charges incurred in accordance with the provisions contained in this Bill of Lading. In accepting this Bill of Lading the Merchant* expressly accepts and agrees to all its stipulations on both Page1 and Page 2, whether written, printed, stamped or otherwise incorporated, as fully as if they were all signed by the Merchant. One original Bill of Lading must be surrendered duly endorsed in exchange for the cargo or delivery order, whereupon all other Bills of Lading to be void.

IN WITNESS whereof the Carrier, Master or their Agent has signed the number original Bills of Lading stated below right, all of this tenor and date

Total number of Containers/Packages or Units received by the Carrier
240 bundles

| Shipper's declared value | Declared value charge |
|---|---|

Freight details and charges
FREIGHT PREPAID
CHARTER-PARTY dated 13.01.2016

| Carrier's name/principal place of business | Date shipped on board 2016-01-25 | Place and date of issue Klaipeda 2016-01-26 |
|---|---|---|

Onego Shipping & Chartering BV, Rhoon

Number of original Bills of Lading
(3) Three

Pre carriage by**

| Signature | Place of receipt by pre-carrier** |
|---|---|

Western Ships Agency as agents on behalf of Onego Shipping & Chartering bv as Owner

UAB
"VAKARU
LAIVU
AGENTAI"

(Stamp/signature)

Place of delivery by on-carrier**

* As defined hereinafter (Cl. 1)
** (or so near thereunto as the Vessel may safely get and lie always afloat)

Versión October 2014

# MATE'S RECEIPT

**COPY NON NEGOTIABLE**

PORT: KLAIPEDA, LITHUANIA
DATE: 26-01-2016

No.: VLA2016/01-02

Received on board the m/v "BEAUFORCE"
From: COMMODITY GENERAL TRANDING INTL SA,
LUGANO - SWITZERLAND

The following merchandise in good order and sound condition under the shipping order
For: Houston, TX, U.S.A.

Consignee/buyer:
INTERGLOBO CUSTOMES BROKER INC.,
5918 FM 2100, CROSBY TX 77532,
EMAIL BGOODRICH(AT)INTERGLOBO.COM,
TEL. (281) 462-4465

| Shipper's description of goods | | | | |
|---|---|---|---|---|
| NEW HOT-FORMED SEAMLESS PIPES FOR OIL AND GAS PIPELINE | | | | |
| Item | Dimension (Inch) | Steel Grade | Gross weight, metric tons | Net weight, metric tons | Number of bundles |
| 5 | 2,375x0.190 W | TT347 | 292,848 | 282,109 | 82 |
| 4 | 2,875x0.217 W | TT347 | 188,061 | 187,512 | 62 |
| 8 | 3,063x0.425 W | TT309 | 76,876 | 76,714 | 18 |
| 9 | 3,668x0.490 W | TT309 | 175,484 | 175,098 | 43 |
| 10 | 4,500x0.625 W | TT309 | 23,304 | 23,250 | 6 |
| 11 | 3,063x0.425 W | J55MOD | 48,995 | 48,887 | 12 |
| 12 | 3,668x0.490 W | J55MOD | 69,701 | 69,553 | 17 |
| | **TOTAL:** | | **865,267** | **863,123** | **240** |

REMARKS.
1) All cargo of wire rods and pipes loaded during drizzle and fog in wet condition;
2) For cargo remarks reference is made to the report drawn up by DPS Netas on 21st-26th January, 2016.

| STOWAGE | Freight prepaid | MASTER of m/v "BEAUFORCE"<br>Aleksandr Kotsyuba |
|---|---|---|

This receipt should be exchanged for Company's Bill of Lading duly signed



To: ONEGO SHIPPING & CHARTERING B.V.

O/Ref: V012.16 - PIPES
Date: 26.01.2016

### Re: Pre-loading survey of steel pipes cargo

Dear Sirs,

Being Survey Bureau acting on behalf of the ONEGO SHIPPING & CHARTERING B.V. concerned we did perform the pre-loading condition and Tally survey on the cargo of steel pipes to be loaded onboard m/v BEAUFORCE at the Sea Port of Klaipeda, Lithuania, KLASCO terminal.

### Date of survey: 21-26 January, 2016

The steel pipes were found stored in the open area and partially covered with snow. At the ends pipes fitted with the plastic protection caps. Pipes arranged into bundles, secured together with 8-10 steel strapping bands. Bundles placed on wooden dunnage, stowed up to 5 tiers in high. Bundles fitted with product information plastic labels. Silver nitrate test performed randomly did not reveal any presence of chlorides.

177 bundles / 607.689 mT Gross were delivered to port on 01.11.2015-13.12.2015. These pipes were found rusty / rust with pitting (Photos 1-28).
63 bundles/ 257.578 mT Gross were delivered to port on 21.01.2016. These pipes were noted partly rust stained (Photos 29-38).

5 pipes have 1 plastic protection cap missing on end, Bundle Nos.:155012/5; 155019/8; 155019/1, 154595/2

In result of the survey the following Master's Remarks are recommended by the undersigned surveyor for clausing Mate's Receipts and Bills of Lading if any:

**International loss adjusters & surveyors**

JSC "Klaipedos Netas", S.Simkaus Str. 14, LT-92129 Klaipeda, Lithuania
Te: +370 46 411866  Fax: +370 46 411867  E-mail: office@klaipedosnetas.lt
Company code: 140632681,  VAT code: LT406326811
AB SEB Bank, account LT087044060000719015







2
ref. V012.16 - PIPES

**NEW HOT-FORMED SEAMLESS PIPES FOR OIL AND GAS PIPELINE**

B/L   No.              : 1
Destination           : Houston, TX, USA
Quantity              : 240 bundles / 865.267 mT Net / 863.123 mT Gross

- **Stored at open area**
- **Wet before shipment**
- **All cargo loaded during drizzle and fog in wet condition.**
- **Rusty / Rust with pitting (177 bundles / 607.689 mt Gross)**
- **Partly Rust stained (63 bundles / 257.578 mt Gross)**
- **5 pipes have 1 plastic protection cap missing on end - Bundle Nos.:155012/5; 155019/8; 155019/1, 154595/2**

For cargo view see attached Photos

This report is issued without prejudice to the rights and defense of the Parties concerned.

Alfredas Kerpys
Attending surveyor

**dps**
**netas**

3
ref. V012.16 - PIPES

## PHOTOS OF STEEL PIPES



Photo 1

Photo 2

Photo 3

Photo 4

Photo 5

Photo 6

4

ref. V012.16 - PIPES



Photo 7



Photo 8



Photo 9



Photo 10



Photo 11



Photo 12



5

ref. V012.16 - PIPES

Photo 13

Photo 14

Photo 15

Photo 16

Photo 17

Photo 18

6

ref. V012.16 - PIPES



Photo 19

Photo 20

Photo 21

Photo 22

Photo 23

Photo 24

7

ref. V012.16 - PIPES


Photo 25


Photo 26


Photo 27


Photo 28


Photo 29


Photo 30

ref. V012.16 - PIPES

8



Photo 31



Photo 32



Photo 33



Photo 34



Photo 35



Photo 36

**dps**
*netas*

9
ref. V012.16 - PIPES



Photo 37



Photo 38